UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:05-CV-01469-JDB |
| ) | |
| FOOD AND DRUG ADMINISTRATION, ) | |
| MICHAEL O. LEAVITT, and ) | |
| LESTER M. CRAWFORD, ) | |
| ) | |
| Defendants. ) | |

ANSWER OF PROPOSED INTERVENOR-DEFENDANTS RANBAXY LABORATORIES LIMITED, RANBAXY INC., AND RANBAXY PHARMACEUTICALS, INC.

Proposed Intervenor-Defendants Ranbaxy Laboratories Limited, Ranbaxy Inc., and Ranbaxy Pharmaceuticals, Inc. (collectively "Ranbaxy") answer the like-numbered paragraphs of Plaintiff Teva Pharmaceuticals USA, Inc.'s ("Teva") Complaint as follows:

NATURE OF THE ACTION

1. Admitted that Teva has brought this lawsuit based on FDA's letter stating that generic exclusivity for pravastatin sodium tablets expired as of February 18, 2005. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies same.

2. Denied. To the extent that this paragraph purports to summarize the contents of section 505(j)(5)(B)(iv) (2002) of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(5)(3)(iv) (2002), Ranbaxy respectfully refers the Court to the full text thereof.

3. Denied.

4.  Denied, except that Ranbaxy admits that Teva seeks the enumerated relief from the Court.

## JURISDICTION AND VENUE

5.  Admitted.

6.  Admitted.

## PARTIES

7.  Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

8.  Admitted.

9.  Admitted.

10. Admitted.

## FACTUAL ALLEGATIONS

11. Because this paragraph purports to summarize the contents of 21 U.S.C. §§ 301 et seq. and Pub. L. No. 108-173 § 1102(b)(1), Ranbaxy respectfully refers the Court to the full text thereof.

12. Admitted.

13. Because this paragraph purports to summarize the contents of 21 U.S.C. § 355(j), Ranbaxy respectfully refers the Court to the full text thereof.

14. To the extent that this paragraph purports to summarize the contents of 21 U.S.C. § 355(j)(2), Ranbaxy respectfully refers the Court to the full text thereof. Ranbaxy denies the allegations of the last sentence of paragraph 14.

15. Ranbaxy admits the allegations of the first two sentences of paragraph 15. Ranbaxy denies the allegations of the last sentence of paragraph 15.

16. Because this paragraph purports to summarize the contents of 21 U.S.C. § 355(j)(5)(B)(iv) (2002), Ranbaxy respectfully refers the Court to the full text thereof.

17. Because this paragraph purports to summarize the provisions of 21 U.S.C. § 355(j)(5)(B)(iv) (2002), Ranbaxy respectfully refers the Court to the full text thereof.

18. Because this paragraph purports to summarize the provisions of 21 U.S.C. § 355(j)(5)(B)(iv) (2002), Ranbaxy respectfully refers the Court to the full text thereof.

19. Denied as applied to the facts of this case.

20. Admitted.

21. Because this paragraph purports to summarize the contents of U.S. Patent Nos. 4,346,227; 50,030,447; 5,180,589; and 5,622,985, Ranbaxy respectfully refers the Court to the full text thereof.

22. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

23. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

24. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

25. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same. To the extent this paragraph summarizes the contents of the Mem. of Law in Support of Def.'s Mot. to Dismiss Plf.'s Comp., filed in Apotex, Inc. v. Bristol-Myers Squibb Co., No. 1:04-CV-2922 (S.D.N.Y. May 25, 2004) ("Motion to Dismiss"), a copy of which is attached to the Application for a Preliminary Injunction filed in this case, Ranbaxy respectfully refers the Court to the text thereof.

26. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same. To the extent this paragraph summarizes the contents of the Motion to Dismiss, Ranbaxy respectfully refers the Court to the text thereof.

27. The first sentence of this paragraph is admitted; the second sentence is denied.

28.  Denied. To the extent that this paragraph purports to summarize the basis for FDA's action, Ranbaxy respectfully refers the Court to FDA's June 28, 2005 letter ("FDA's June 28, 2005 letter") to Teva, a copy of which is attached to the Application for a Preliminary Injunction filed in this case.

29.  Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same. To the extent that this paragraph purports to summarize the contents of the Motion to Dismiss, Ranbaxy respectfully refers the Court to the text thereof.

30.  Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same. To the extent that this paragraph purports to summarize the contents of the Motion to Dismiss, Ranbaxy respectfully refers the Court to the text thereof.

31.  Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same. To the extent that this paragraph purports to summarize the contents of the Motion to Dismiss, Ranbaxy respectfully refers the Court to the text thereof.

32.  Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same. To the extent that this paragraph purports to summarize the contents of the Motion to Dismiss, Ranbaxy respectfully refers the Court to the text thereof.

33.  Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same. To the extent that this paragraph purports to summarize the contents of the Motion to Dismiss, Ranbaxy respectfully refers the Court to the text thereof.

34.  Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same. To the extent that this

paragraph purports to summarize the contents of the Motion to Dismiss, Ranbaxy respectfully refers the Court to the text thereof.

35. Ranbaxy admits that Apotex brought a declaratory judgment action against Bristol-Myers Squibb ("BMS") on April 15, 2004 seeking a declaration of non-infringement, invalidity and/or unenforceability as to three patents, as set forth in Apotex's Complaint in that case, a copy of which is attached to the Application for Preliminary Injunction filed in this case. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same. To the extent that this paragraph summarizes the Complaint in the referenced action, Ranbaxy respectfully refers the Court to the text thereof.

36. Because this paragraph purports to summarize the contents of the Motion to Dismiss, Ranbaxy respectfully refers the Court to the text thereof.

37. To the extent the first sentence of the paragraph purports to summarize the contents of the Motion to Dismiss, Ranbaxy respectfully refers the Court to the text thereof. To the extent that the second sentence of this paragraph purports to characterize the District Court's ruling in that same case, Ranbaxy refers the Court to the text thereof. The third and fourth sentence are denied. To the extent the third and fourth sentence purport to summarize the contents of a Stipulation and Order filed in that same case, Ranbaxy respectfully refers the Court to the text thereof.

38. To the extent that this paragraph purports to summarize the text of the Stipulation and Order filed in <u>Apotex, Inc. v. Bristol-Myers Squibb Co.</u>, No. 1:04-CV-2922 (S.D.N.Y.), Ranbaxy respectfully refers the Court to the text thereof.

39. To the extent that this paragraph purports to characterize the District Court's ruling in <u>Apotex, Inc. v. Bristol-Myers Squibb Co.</u>, No. 1:04-CV-2922 (S.D.N.Y.), a copy of which is attached to the Application for Preliminary Injunction filed in this case, Ranbaxy respectfully refers the Court to the text thereof.

40.     Denied. To the extent that this paragraph purports to summarize the text of the Stipulation and Order filed in Apotex, Inc. v. Bristol-Myers Squibb Co., No. 1:04-CV-2922 (S.D.N.Y.), Ranbaxy respectfully refers the Court to the text thereof.

41.     Admitted with regard to the first sentence that the District Court's ruling does not state that the dismissal was with prejudice; the remainder of the allegations constitute a legal conclusion as to which no answer is required, to the extent a response is required, they are denied. The second sentence is admitted.

42.     Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same, except admits that FDA sent a letter to Teva, dated June 28, 2005, and Ranbaxy respectfully refers the Court to the text thereof.

43.     Because this paragraph purports to summarize the contents of the FDA June 28, 2005 letter, Ranbaxy respectfully refers the Court to the text thereof.

44.     The first sentence of this paragraph is denied. To the extent the second sentence purports to summarize FDA's assertions in Teva Pharmaceuticals, USA, Inc. v. FDA, 182 F.3d 1003 (D.C. Cir. 1999) ("Teva I"), Ranbaxy respectfully refers the Court to the text of the pleadings and rulings in that case.

45.     Because this paragraph purports to summarize FDA's June 28, 2005 letter and the decisions in Teva I and Teva Pharmaceuticals, USA, Inc. v. FDA, No. 99-5287, 2000 WL 1838303 (D.C. Cir. Nov. 15, 2000) ("Teva II"), Ranbaxy respectfully refers the Court to the respective texts thereof.

46.     Because this paragraph purports to summarize the decision of the Court of Appeals for the District of Columbia Circuit in Teva II, Ranbaxy respectfully refers the Court to the text thereof.

47.     Because this paragraph purports to summarize FDA's June 28, 2005 letter, Ranbaxy respectfully refers the Court to the text thereof.

48. Denied.

49. Because this paragraph purports to summarize the decision of the Court of Appeals for the District of Columbia Circuit in Teva I, Ranbaxy respectfully refers the Court to the text thereof.

50. Denied.

51. Denied, except that, to the extent that this paragraph purports to summarize the decision of the Court of Appeals for the District of Columbia Circuit in Teva I and FDA's June 28, 2005 letter, Ranbaxy respectfully refers the Court to the respective texts thereof.

52. Denied, except that, to the extent that this paragraph purports to summarize the decision of the Court of Appeals for the District of Columbia Circuit in Teva I, Ranbaxy respectfully refers the Court to the text thereof.

53. Denied.

54. Denied.

55. Denied.

56. Denied, except to the extent that this paragraph purports to summarize the decision of the Court of Appeals for the District of Columbia Circuit in Teva I, Ranbaxy respectfully refers the Court to the text thereof.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## FIRST CAUSE OF ACTION

62. Denied.

63. Denied.

64. Ranbaxy admits the allegations of the first sentence of paragraph, but Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the other allegations of this paragraph, and therefore denies the same.

65. Denied.

66. Ranbaxy is without information or knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

67. Denied.

## AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Ranbaxy respectfully requests that this Court enter judgment against Teva, dismissing the claims alleged in the Complaint in their entirety and grant Ranbaxy such other and further relief as the Court deems just and proper.

Dated: August 8, 2005

Respectfully submitted,

Kate C. Beardsley
D.C. Bar No. 416806
Carmen M. Shepard
D.C. Bar No. 331314

Buc & Beardsley
919 Eighteenth Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 736-3600

Counsel for Ranbaxy
 Pharmaceuticals, Inc., Ranbaxy Inc.,
 and Ranbaxy Laboratories Limited