UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOOD AND DRUG ADMINISTRATION, MICHAEL O. LEAVITT, and LESTER M. CRAWFORD, <br><br> Defendants, <br><br> APOTEX, INC., and RANBAXY LABORATORIES LIMITED, RANBAXY, INC., RANBAXY PHARMACEUTICALS INC., <br><br> Intervenor-Defendants. | CIVIL NO. 1:05-CV-01469-JDB |

RESPONSE OF INTERVENOR-DEFENDANTS RANBAXY LABORATORIES LIMITED, RANBAXY INC., AND RANBAXY PHARMACEUTICALS, INC. TO MOTION FOR PRELIMINARY INJUNCTION

Ranbaxy Laboratories Limited, Ranbaxy, Inc. and Ranbaxy Pharmaceuticals Inc. ("Ranbaxy") will not file a memorandum in opposition to the motion for a preliminary injunction. Ranbaxy sought to intervene in this action because of its substantial interest in launching its generic pravastatin sodium tablets. See Memorandum in Support of Motion by Ranbaxy to Intervene at 5. At the time Ranbaxy sought to intervene, Ranbaxy understood the

relevant facts governing the issues in this case were those reflected in the Food and Drug Administration's ("FDA") June 28, 2005 letter informing Ranbaxy that 180-day exclusivity had begun to run on August 22, 2004, the date the stipulation and order dismissing <u>Apotex, Inc. v. Bristol-Myers Squibb Co.</u>, No. 04-CV-2922 (S.D.N.Y. July 23, 2004) became final. Based on those facts, Ranbaxy believed FDA's decision was correct, and that its interests and those of Apotex, Inc. were to some extent similar. <u>See id.</u> at 3, 5-7.

Since the Court granted Ranbaxy's motion to intervene, FDA filed the Administrative Record in this case. That record reveals additional material facts of which Ranbaxy previously was unaware. Based upon these newly discovered facts, Ranbaxy no longer believes, as it represented in its motion to intervene, that FDA's position is correct. Ranbaxy has submitted a request to FDA asking that the agency reconsider certain aspects of its June 28, 2005 decision. Exh. 1. In addition, Ranbaxy believes its interests and those of Apotex are, or may become, adverse. Specifically, Ranbaxy believes that it may be entitled to exclusivity for its pravastatin sodium 80 mg tablet, which was not triggered by Apotex's declaratory judgment order. <u>See</u> Exh. 1.

Because FDA has agreed to reconsider its decision as it pertains to the pravastatin sodium 80 mg tablet, Exh. 2, and because the pending motion for a preliminary injunction does not address the 80 mg tablets, Ranbaxy believes any issue pertaining to the 80 mg tablet is not before the court at this time. Ranbaxy is not filing a memorandum in opposition to the pending motion for a preliminary injunction. Should FDA issue a decision on Ranbaxy's request for

2

reconsideration and such decision appropriately become subject to judicial review in this case, or should the exclusivity arising from the 80 mg tablet otherwise become an issue in this case, Ranbaxy reserves the right to participate in any such subsequent proceedings.

Dated: August 25, 2005

Respectfully submitted,

/s/ Kate C. Beardsley

Kate C. Beardsley
D.C. Bar No. 416806
Carmen M. Shepard
D.C. Bar No. 331314

Buc & Beardsley
919 Eighteenth Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 736-3600

Counsel for Ranbaxy
Pharmaceuticals, Inc., Ranbaxy Inc., and
Ranbaxy Laboratories Limited

3