UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC. ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> FOOD AND DRUG ADMINISTRATION, ) <br> MICHAEL O. LEAVITT, and ) <br> LESTER M. CRAWFORD, ) <br> ) <br> *Defendants.* ) | Civil Action No. 1:05-CV-01469 (JDB) |

MOTION OF THE
GENERIC PHARMACEUTICAL ASSOCIATION
FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE*
IN SUPPORT OF PLAINTIFF'S MOTION
FOR A PRELIMINARY INJUNCTION

The Generic Pharmaceutical Association ("GPhA"), by its undersigned counsel, respectfully requests the entry of an order granting it leave to file the accompanying *amicus curiae* brief in support of Plaintiff's pending motion for a preliminary injunction, which GPhA understands to have been converted to a motion for summary judgment. In support of this request, GPhA relies upon the accompanying memorandum of points and authorities. A proposed form of order is respectfully submitted herewith.

WHEREFORE, for the reasons set forth in the accompanying memorandum of points and authorities, GPhA respectfully requests leave to file the accompanying proposed brief *amicus curiae*.

Respectfully submitted,

/s/ Theodore Case Whitehouse
Theodore Case Whitehouse
DC Bar No. 298331
WILLKIE FARR & GALLAGHER LLP
1875 K Street, NW
Washington, DC 20006-1238
Telephone: 202-303-1000
Facsimile: 202-303-2000

Counsel for *Amicus Curiae*
The Generic Pharmaceutical Association

Dated: Washington, DC
30 August 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC. ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> FOOD AND DRUG ADMINISTRATION, ) <br> MICHAEL O. LEAVITT, and ) <br> LESTER M. CRAWFORD, ) <br> ) <br> *Defendants*. ) <br> ) | Civil Action No. 1:05-CV-01469 (JDB) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE MOTION OF THE
GENERIC PHARMACEUTICAL ASSOCIATION
FOR LEAVE TO FILE BRIEF
AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION**

The Generic Pharmaceutical Association ("GPhA"), by its undersigned counsel, respectfully submits this memorandum of points and authorities in support of its motion for leave to file an *amicus curiae* brief in support of Plaintiff's pending motion for a preliminary injunction, which GPhA understands to have been converted to a motion for summary judgment. GPhA's purpose in seeking leave to file its *amicus* brief is to give the Court an industry-wide perspective on the Hatch-Waxman question presented by this case.

GPhA is a voluntary, non-profit association comprised of more than 140 manufacturers and distributors in the generic pharmaceutical industry, accounting for more than 90 percent of the prescriptions dispensed in the United States every year. GPhA's members provide safe and cost-effective medicines that are bioequivalent to, and have the same therapeutic value as, their

brand-name counterparts. Products produced and distributed by GPhA members improve the health of Americans while cutting annual health care costs by billions of dollars.

This case concerns fundamental questions regarding the scope and effect of the 180-day exclusivity period provided by Congress as an incentive to generic drug makers to assume the risks and burdens of litigation to challenge questionable patents blocking competitive provision of prescription drugs. GPhA has a strong interest in ensuring the preservation of the 180-day exclusivity provision. GPhA has no particular interest in whether one company or another enjoys a right to 180-day exclusivity for pravastatin sodium or any particular generic drug. GPhA's members include both first filers and subsequent filers, and indeed, it is typically the case that what goes around comes around: A generic company that has filed the first abbreviated new drug application for one drug will be a subsequent filer for other drugs. GPhA has a strong interest, however, in ensuring the preservation of the Hatch-Waxman's incentive scheme, which benefits the industry as a whole, as well as consumers.

GPhA believes that the Food and Drug Administration's action in this case threatens the statutory balance between the rights of first and subsequent filers, and thereby may adversely affect the millions of consumers and insurers who rely upon affordable generic drugs. In enacting the Hatch-Waxman Act, Congress provided for a defined and narrow set of conditions that would trigger the 180-day exclusivity period, and in particular, determined that a judicial decision would trigger exclusivity only when it contained a holding that the patent was invalid of not infringed. Not only does the FDA action, if upheld, violate the language of Hatch-Waxman, but it also would fundamentally disrupt the incentive system embodied in the Act, through which Congress has ensured that generic manufacturers will challenge potentially blocking patents in order to bring the generic products to market as soon as practicable. The FDA's action, while

2

technically issued under the pre-amended Hatch-Waxman Act, threatens to undermine generic entry under the recently revised Medicare Modernization Act of 2003 as well. Accordingly, GPhA seeks the opportunity to urge this Court to enter a judgment setting aside the FDA action.

By reflecting the collective experience and judgments of its members, GPhA believes that it brings to this case a unique and valuable perspective on the issues before the Court. Among other things, GPhA's brief makes clear that this is not a parochial dispute among generic pharmaceutical companies but a matter with broad, industry-wide implications, the resolution of which may have important effects on competition in the pharmaceutical industry and thus on consumers and insurers.

This Court's local rules do not establish a deadline for the submission of briefs *amicus curiae* in these circumstances. GPhA is making this motion and submitting its brief in advance of the 25 September 2005 hearing on Plaintiff's motion and as promptly as reasonably possible given the need to obtain the necessary approvals for such a brief within its governance structure.

For these reasons and such other and further reasons as may become apparent upon full consideration of GPhA's motion, GPhA respectfully requests that the Court enter an order granting GPhA's motion for leave to file the accompanying brief *amicus curiae*.

Dated: Washington, DC
      30 August 2005

Respectfully submitted,

_____
Theodore Case Whitehouse
DC Bar No. 298331
WILLKIE FARR & GALLAGHER LLP
1875 K Street, NW
Washington, DC 20006-1238
Telephone: 202-303-1000
Facsimile: 202-303-2000

Counsel for *Amicus Curiae*
The Generic Pharmaceutical Association

3

*Teva Pharmaceuticals USA, Inc. v. Food & Drug Administration, et al.*
No. 1:05-CV-01469 (JDB)

**CERTIFICATE OF SERVICE**

I hereby certify that, on 30 August 2005, copies of the foregoing motion, memorandum of points and authorities, proposed order, certificate of counsel, and proposed brief of *amicus curiae* were sent by First Class United States Mail, postage prepaid, to each of the following:

Jay P. Lefkowitz, Esq.
KIRKLAND & ELLIS LLP
655 15th Street, NW
Washington, DC 20005

Andrew E. Clark, Esq.
Office of Consumer Litigation
United States Department of Justice
PO Box 386
Washington, DC 20044

Arthur Y. Tsien, Esq.
OLSSON, FRANK & WEEDA, PC
Suite 400
1400 16th Street, NW
Washington, DC 20036-2220

Christine J. Siwik, Esq.
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
Suite 500
6 West Hubbard Street
Chicago, IL 60610

Kate Cumming Beardsley, Esq.
BUC & BEARDSLEY
Suite 600
919 18th Street, NW
Washington, DC 20006

_____
Theodore Case Whitehouse