# Tab A

ORAL ARGUMENT UNSCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

Nos. 99-5287 and 99-5342

---

TEVA PHARMACEUTICALS USA, INC., et al.,
    Plaintiffs/Appellees

v.

UNITED STATES FOOD AND DRUG ADMINISTRATION, et al.,
    Defendants/Appellants

and

TORPHARM, A DIVISION OF APOTEX, INC.,
    Defendant/Appellant

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

---

BRIEF OF APPELLANT TORPHARM, A DIVISION OF APOTEX, INC.

---

    Eugene M. Pfeifer
    James D. Miller
    Paul D. Clement
    Peter M. Todaro
    KING & SPALDING
    1730 Pennsylvania Avenue, N.W.
    Washington, D.C. 20006
    (202) 737-0500

    Attorneys forTorPharm,
       a Division of Apotex, Inc.

## STANDARD OF REVIEW

The District Court concluded that FDA's interpretation of the court decision trigger was arbitrary and capricious. That conclusion of law is subject to *de novo* review on appeal. *Deaf Smith County Grain Processors, Inc. v. Glickman*, 162 F.3d 1206, 1213 (D.C. Cir. 1998); *Dr. Pepper/Seven-Up Companies, Inc. v. FTC*, 991 F.2d 859, 862 (D.C. Cir. 1993).

What is more, this Court's pronouncements at the preliminary injunction stage are not law of the case. *See, e.g., University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Berrigan v. Sigler*, 499 F.2d 514, 518 (D.C. Cir. 1974). As this Court made clear in *Berrigan*, the "decision of a trial or appellate court whether to grant or deny a preliminary injunction does not constitute the law of the case," and such rulings do "not preclude the district court, nor should they dissuade us, from taking a fresh look." *Id.*

## SUMMARY OF ARGUMENT

FDA's refusal to treat a decision dismissing a case for want of subject matter jurisdiction as satisfying the court decision trigger is consistent with the plain and unambiguous statutory text. To trigger the exclusivity period, the statute requires "a decision of a court . . . holding the patent . . . to be invalid or not infringed." 21 U.S.C. § 355(j)(5)(B)(iv). A decision dismissing a declaratory judgment action because of the absence of a live controversy without addressing the validity of the patent does not satisfy

the terms of the statute. The court decision addresses jurisdiction, not the patent's validity, and certainly does not "hol[d] the patent . . . to be invalid or not infringed."

To be sure, the dismissal may be prompted by a representation of the patent holder that it will not bring an infringement action and that representation – as opposed to the dismissal – may affect the future enforceability of the patent. However, the dismissal may also result from the declaratory judgment plaintiff's failure to establish a reasonable apprehension of suit, even without any representation by the patent holder. In any event, even if the representation limits patent holder's ability to enforce the patent in the future, that representation is not "a decision of a court . . . holding the patent . . . to be invalid or not infringed." Accordingly, FDA's view of the statute is consistent with its plain terms, and the District Court's contrary interpretation should be reversed.

FDA's construction of the statute also avoids the perverse incentives to misuse the Article III courts created by the District Court's ruling. By attributing important regulatory consequences to subject matter dismissals, the District Court creates incentives for pharmaceutical companies to come to federal court in the absence of a case or controversy for the express purpose of procuring an order acknowledging that fact. What is more, FDA's construction obviates the need for FDA personnel to search through trial court pleadings and make difficult patent law decisions, and forecloses opportunities for brand name drug manufacturers to undermine the incentives for generic manufacturers created by Congress. For these reasons, FDA's interpretation of the statute would

-11-

represent a reasonable construction of the statute, if the Court perceives ambiguity in the text.

Finally, the District Court rejected FDA's view only by committing two fundamental errors of administrative law. First, the District Court improperly viewed FDA's position with the benefit of hindsight, rather than considering the record before the agency. Second, the District Court compounded this error by rejecting FDA's efforts to take into account how its handling of this case would affect future cases. Inexplicably, the District Court found such considerations inapposite because FDA proceeded by adjudication rather than rulemaking. FDA's actions clearly pose no problems when judged under proper principles of administrative law. FDA acted reasonably and consistently with the unambiguous terms of the statute it is charged with interpreting.

## ARGUMENT

I.     **FDA's Construction Of The Statute Is Consistent With The Plain Text And Unambiguous Meaning Of The Statute.**

FDA's decision that the California Order procured by Teva did not satisfy the court decision trigger is not only rational and reasonable, but a result compelled by the statutory text. As this Court has made clear on numerous occasions, when an agency decision is supported by clear and unambiguous text, there is no need for further analysis. *See, e.g., Meredith v. Federal Mine Safety and Health Review Comm'n*, 177 F.3d 1042 (D.C. Cir. 1999); *Edison Elec. Institute v. EPA*, 996 F.2d 326, 336 (D.C. Cir. 1993); *see also Chevron USA v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43

(1984). The agency action should be approved under the first-step of the *Chevron* analysis.

To trigger the exclusivity period, the statute requires "a decision of a court . . . holding the patent . . . to be invalid or not infringed." 21 U.S.C. § 355(j)(5)(B)(iv). The California Order dismissing Teva's declaratory judgment action for lack of a case or controversy clearly does not satisfy the terms of the statute. A subject matter dismissal stands only for the proposition that the court lacked Article III jurisdiction to do anything other than enter an order dismissing the case. The Supreme Court reiterated this well-established principle just last year: "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S. Ct. 1003, 1012 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 513 (1868)); *accord National Law Center on Homelessness and Poverty v. Kantor*, 91 F.3d 178, 180 (D.C. Cir. 1996). A subject matter dismissal has no other effect, and certainly does not constitute a "holding" that the patent is "invalid or not infringed." Accordingly, the unambiguous terms of the statute dictate that the California Order does not satisfy the court decision trigger.

In its *Teva* decision, this Court concluded that the key factor for determining whether a court decision satisfies the statute is whether the decision has preclusive effect