# Tab B

ORAL ARGUMENT UNSCHEDULED

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

Nos. 99-5022 and 99-5027

---

TEVA PHARMACEUTICALS USA, INC.,
and
PUREPAC PHARMACEUTICAL CO.

Plaintiffs/Appellants

v.

UNITED STATES FOOD
AND DRUG ADMINISTRATION, ET AL.

Defendants/Appellees

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

---

JOINT BRIEF OF INTERVENORS-APPELLEES
TORPHARM, A DIVISION OF APOTEX, INC.,
HOFFMANN-LA ROCHE INC., AND SYNTEX (U.S.A.) INC.

| | |
|---|---|
| Donald O. Beers | Eugene M. Pfeifer |
| D.C. Bar No. 396116 | D.C. Bar No. 140954 |
| David E. Korn | James D. Miller |
| D.C. Bar No. 416120 | D.C. Bar No. 294371 |
| Nancy S. Lapidus | Peter M. Todaro |
| D.C. Bar No. 455615 | D.C. Bar No. 455430 |
| ARNOLD & PORTER | KING & SPALDING |
| 555 12th Street, N.W. | 1730 Pennsylvania Avenue, N.W. |
| Washington, D.C. 20004 | Washington, D.C. 20006 |
| (202) 942-5000 | (202) 737-0500 |
| | |
| Attorneys for Intervenors-Appellees | Attorneys for Intervenor-Appellee |
| Hoffmann-La Roche Inc. and Syntex | TorPharm, a Division of Apotex, Inc. |
| (U.S.A.) Inc. | |

The provision is clear and unambiguous and directly addresses what type of court action is required to satisfy subsection (II).[6] Congress specifically required a "decision of a court . . . holding the patent . . . to be invalid or not infringed." It left open no question whether some other type of court decision, not involving a holding of patent invalidity or non-infringement, is satisfactory.

Congress was well aware that there would be times when a generic company might file a declaratory judgment action seeking a ruling that a patent was invalid or would not be infringed by the generic company's product. In fact, Congress placed limits on such suits in the statute, see 21 U.S.C. § 355(j)(5)(B)(iii). Congress also specifically triggered the 180-day period with a court decision holding a patent invalid or not infringed, not simply any court decision resolving a case involving a patent.

The Purepac decision explicitly recognized that not every judicial decision resolving a patent case would trigger the 180-day period. Thus, the Purepac court, addressing a different factual scenario, stated:

---

[6] The Mova court referred to this provision as the "court-decision trigger," which it defined as "a court decision finding the patent to be invalid or not infringed," Mova Pharmaceutical Corp. v. Shalala, 140 F.3d 1060, 1065 (D.C. Cir. 1998) (emphasis added).

Suppose further that a first applicant is sued but that the suit does not result in a judicial decision finding the patent not infringed or invalid, <u>so that the judicial decision trigger in § 355(j)(5)(B)(iv) is not activated</u>. This could happen if, for instance, the suit is dropped or settled. In those events, only commercial marketing could trigger the running of the 180-day period.

162 F.3d at 1205 n.6 (emphasis added). Dismissal of a declaratory judgment action on jurisdictional grounds also "does not result in a judicial decision finding the patent not infringed or invalid." It is impossible to distinguish on this point a case that is brought and then dropped by the patent holder before any judicial decision is rendered (referred to in <u>Purepac</u>) and a dismissal without a decision on the merits in a declaratory judgment action. Thus, as the district court below stated: "Like <u>Mova</u>, <u>Purepac</u> suggests that the court-decision trigger cannot be activated by court action that falls short of a decision on the merits." App. at 158.[7]

---

[7] The court below properly rejected Teva's argument that the dismissal of the declaratory judgment case without a holding of infringement should be counted because in some situations it might have the same effect:

Teva seeks to bolster its claim that a declaratory judgment dismissal is "functionally equivalent" to a court decision on the merits by reference to patent law. Teva points out that Roche's statement of nonliability will forever estop Roche from asserting liability against Teva, and that "[h]aving requested a declaration of non-infringement of the patent claims, [Teva] for all practical purposes has won the case pleaded in its complaint." *Fina*, 141 F.3d at 1483-84 (quoting *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 636 (Fed. Cir. 1991)). The practical purposes contemplated by *Fina*, however, have no bearing on the practical

[Footnote is continued on next page]

Teva nevertheless argues that the statute is ambiguous. Brief at 10. It focuses on dictionary meanings of "decision" and "holding." That analysis is irrelevant. The question is whether there is a decision of the court holding "the patent . . . not infringed." There is no such decision here.[8]

Teva also attempts to show ambiguity by pointing to stray references by the court below and FDA in the action below to the effect that Teva's position may be permissible. There is, however, no statement or even clear implication by the court below that Teva's interpretation is permissible,[9] and, as admitted by Teva, Brief at 10, the court below in fact found the

─────────────────────

(Footnote continued from previous page)

purpose of Teva's declaratory judgment action against Roche. *Fina* assumes that a plaintiff seeks a declaratory judgment to avoid litigation and the liability associated with a finding of patent infringement – benefits that Teva will reap as a result of Roche's letter disavowing any intention to sue. Teva has an additional "practical purpose," however, that was not contemplated by *Fina*: that its declaratory judgment action would activate the court-decision trigger so that it could begin marketing a generic version of ticlopidine. *Fina*'s notion of a practical equivalence between a dismissal based on the patent holder's admission or stipulation of non-liability and a holding on the merits cannot be stretched that far.

App. at 158-59.

[8] There are no bounds to what Teva suggests. The statute clearly requires a court to rule on the merits of infringement. Teva proposes opening the door to other types of court action. Should dismissal for lack of personal jurisdiction also act as a trigger? Failure to join a party? TorPharm and Roche submit that the statute is clear and excludes all such court actions not including a holding of invalidity or non-infringement from satisfying subsection (II).

[9] Compare App. at 158 cited by Teva, Brief at 8.