UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>FOOD AND DRUG ADMINISTRATION,<br>MICHAEL O. LEAVITT, and<br>LESTER M. CRAWFORD,<br><br>*Defendants.* | Civil Action No. 1:05-CV-01469 (JDB) |

**REPLY MEMORANDUM OF THE
GENERIC PHARMACEUTICAL ASSOCIATION
IN RESPONSE TO OPPOSITION OF
INTERVENOR-DEFENDANT APOTEX INC.
TO MOTION FOR LEAVE TO FILE BRIEF AS
*AMICUS CURIAE* IN SUPPORT OF PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION**

The Generic Pharmaceutical Association ("GPhA"), by its undersigned counsel, respectfully submits this memorandum in reply to the 9 September 2005 Opposition of Intervenor-Defendant Apotex Inc. to GPhA's 30 August 2005 motion for leave to file an *amicus curiae* brief in support of Plaintiff's pending motion for a preliminary injunction.

Apotex's primary argument is that GPhA's brief should be refused because GPhA's proposed brief allegedly takes a position inconsistent with a later *amicus curiae* brief filed in the Supreme Court by GPhA in *Teva Pharmaceuticals USA, Inc. v. Pfizer, Inc.*, No. 05-48 (hereinafter, "*Sertraline*"). There is, however, no inconsistency at all.

This case and the *Sertraline* case now before the Supreme Court have in common only the fact that both cases involve use of the declaratory judgment device in the context of the

FDA generic drug approval process. *Sertraline* concerns the question whether Congress could, consistently with the case or controversy clause of the Constitution, empower federal courts to entertain a declaratory judgment action in particular factual circumstances. The case pending in this Court concerns the question whether a particular kind of *settlement* of a declaratory judgment action meets the statutory criteria for triggering the first-to-file exclusivity period under the Hatch-Waxman amendments to the Food, Drug and Cosmetics Act. GPhA's positions in the two cases are entirely consistent.

In *Sertraline*, GPhA supports Teva's petition for *certiorari,* which contends that there is subject matter jurisdiction under Article III over declaratory judgment actions brought by generic drug companies under the Hatch-Waxman Act. Apotex's right to file such an action is not at issue in this case and, consistently with its position in *Sertraline*, GPhA does not question Apotex's right to file such an action. What is at issue in this case -- and totally absent from *Sertraline* -- is the distinct question whether the district court's approval of Apotex's stipulated dismissal of its declaratory judgment action fits the statutory criteria established by Congress in the Hatch-Waxman amendments for a "decision of a court . . . holding the patent which is the subject of the [Paragraph IV] certification to be invalid or not infringed," 21 U.S.C. § 335(j)(5)(B)(iv)(II), that triggers the start of the 180-day exclusivity period. GPhA contends that such a dismissal does not meet the statutory requirements. There is no inconsistency in GPhA's positions in the two cases.

Most of the rest of Apotex's opposition is directed to the merits of the factual and legal issues before this court. GPhA's arguments with respect to those matters are set out in its proposed *amicus* brief.

2

Apotex's final argument is that GPhA failed to comply with this Court's Local Civil Rule 7(m). In fact, counsel for GPhA did contact counsel for defendant Food and Drug Administration ("FDA") prior to the submission of GPhA's motion and was advised that defendant FDA would not consent to the requested relief and reserved the right to oppose GPhA's motion. In light of that response, no purpose would have been served by making a similar inquiry of counsel for intervenor-defendant Apotex. The futility of such an inquiry is confirmed by Apotex's opposition.[1] A certificate of compliance with Local Civil Rule 7(m) is respectfully submitted with this reply memorandum.

WHEREFORE, for the reasons set forth in the memorandum of points and authorities supporting GPhA's motion and herein, GPhA respectfully submits that its motion for leave to file a brief as *amicus curiae* should be granted.

Dated: Washington, DC
19 September 2005

Respectfully submitted,

*/s/ Theodore Case Whitehouse*
Theodore Case Whitehouse
DC Bar No. 298331
WILLKIE FARR & GALLAGHER LLP
1875 K Street, NW
Washington, DC 20006-1238
Telephone: 202-303-1000
Facsimile: 202-303-2000

Counsel for Proposed *Amicus Curiae*
The Generic Pharmaceutical Association

---

[1] As a GPhA member, Apotex was aware in advance of GPhA's decision to seek leave to file the proposed *amicus* brief.