# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FOOD AND DRUG ADMINISTRATION, *et al.* ) <br> ) <br> Defendants. ) <br> ) <br> APOTEX INC., ) <br> ) <br> Intervenor-Defendant. ) <br> ) <br> _____) | Case No. 05-1469 (JDB) |

## TEVA PHARMACEUTICALS USA, INC.'S SUPPLEMENTAL BRIEF ON WHY THE STIPULATED DISMISSAL WAS NEITHER A "JUDICIAL DECISION" NOR "HOLDING" UNDER THE HATCH-WAXMAN ACT

Of Counsel:
Richard Egosi
*Senior Vice President & General Counsel*
David M. Stark
*Senior Director, Legal Affairs*
TEVA PHARMACEUTICALS USA, INC.
425 Privet Road
Horsham, PA 19044-8005
(215) 293-6400

Jay P. Lefkowitz (DC 449280)*
Pamela J. Auerbach (DC 447805)
Steven A. Engel (DC 484789)
Michael D. Shumsky
KIRKLAND & ELLIS LLP
655 15th Street NW, Suite 1200
Washington, DC 20005
(202) 879-5000

*Counsel for Teva Pharmaceuticals USA, Inc.*

October 3, 2005

* *Counsel of Record*

Plaintiff Teva Pharmaceuticals, USA, Inc. respectfully submits this supplemental brief pursuant to the Court's order of September 26, 2005.  As Teva explained in earlier briefing, the FDA erred by finding that the dismissal of the *Apotex* lawsuit, on stipulation, triggered exclusivity under the Hatch-Waxman Act, because the stipulated dismissal was (1) not a "decision of a court," (2) "holding" that the patent was "invalid or not infringed," and (3) even on the FDA's own reading of *Teva I*, the dismissal lacked any preclusive effect.  Although the Court could grant judgment to Teva on any of these grounds, this brief provides supplemental authority demonstrating that the stipulation was not a "decision of a court" with a "holding," because the case was dismissed by the parties without any adjudication by the district court.

As the D.C. Circuit recognized in *Teva I*, "not every court action can be construed as a 'decision' with a 'holding.'"  *Teva Pharms., USA, Inc. v. FDA* ("*Teva I*"), 182 F.3d 1003, 1008 (D.C. Cir. 1999).  The Apotex-BMS settlement is precisely an action that cannot be so construed.  Federal Rule of Civil Procedure 41(a) provides that plaintiff's submission of a stipulation of dismissal, signed by all parties, requires automatic dismissal "without order of the court."  In stark contrast to *Teva I*, where the district court granted a motion to dismiss through a court order that issued after briefing and argument, the district court in the *Apotex* case did nothing more than endorse the stipulation submitted by the parties.  Under the Second Circuit law governing the stipulation, the district court's action was not a "decision" because "[the] filing in the district court of a stipulation of dismissal … divests the court of its jurisdiction over a case, ***irrespective of whether the district court approves the stipulation***."  *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004) (emphasis added); *see also Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987) (the district court makes no "decision" because "the dismissal takes effect automatically: the trial judge has no role to play at all").  Even with the district court's

endorsement, "[t]he judge's signature on the stipulation did not change the nature of the dismissal." *Hester Indus. Inc. v. Tyson Food, Inc.*, 160 F.3d 911, 916 (2d Cir. 1998).

Similarly, the words of the stipulation are the parties' words and in no sense can they be deemed a "holding" of the court. As the Supreme Court has recognized, "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). Stipulations are "like contracts" and a "district court that 'so orders' a stipulated settlement is not, strictly speaking, a party to the contract." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 737 (2d Cir. 2000); *see also Dart Drug Corp. v. Schering Corp.*, 320 F.2d 745, 749 (D.C. Cir. 1963) (the words of the stipulation "represent the agreement of the parties, and not the independent examination … by the court"). Therefore, the dismissal in this action, effected by the parties' agreement, should not be regarded as a "decision of the court" with a "holding" under the Hatch-Waxman Act.[1]

**I.     THE DISMISSAL OF THE APOTEX-BMS CASE ON THE PARTIES' STIPULATION DID NOT CONSTITUTE A "DECISION" WITH A "HOLDING" UNDER THE HATCH-WAXMAN ACT.**

   **A.     Second Circuit Precedent Governs The Procedural Question At Issue Here.**

Because the terms of Federal Rule of Civil Procedure 41 are clear, there is no disagreement among the Circuits on the legal impact of a stipulation of dismissal. As a formal matter, however, Second Circuit law governs the interpretation of the procedural rule because Apotex filed and dismissed its lawsuit in the Southern District of New York. When the New

---

[1] In earlier briefing, Teva described the stipulated dismissal as governed by Federal Rule of Civil Procedure 41(a)(2), because the district court had signed the dismissal. The Second Circuit's decision in *Hester Indus. Inc. v. Tyson Food, Inc.*, 160 F.3d 911, 916 (2d Cir. 1998), makes clear, however, that notwithstanding the court's endorsement, a dismissal based on the stipulation of the parties falls under Rule 41(a)(1).

York district court considered the parties' stipulation, it could not have looked to the law of the D.C. Circuit, because it had no knowledge that the legal effect of the stipulation would later be determined there. Rather, the court would have looked to the law in the Federal Circuit, the Court of Appeals with exclusive jurisdiction over patent cases, including Apotex's declaratory judgment action. *See* 28 U.S.C. §1338; *see Teva I*, 182 F.3d at 1008-09 (applying Federal Circuit precedent to question of estoppel under patent laws).

The Federal Circuit has recognized, however, that "[i]n matters of procedural law not unique to the areas of Federal Circuit's exclusive jurisdiction, [the Federal Circuit] follow[s] the law of the regional circuit in which the case arose." *Cygnus Telecomm., Inc. v. Totalaxcess.com, Inc.*, 345 F.3d 1372, 1375 n.3 (Fed. Cir. 2003). Thus, in *Cygnus Telecommunications*, the Federal Circuit applied the law of the regional circuit in determining the legal impact of a Rule 41(a)(1)(ii) dismissal—precisely the question at issue here. *See* 345 F.3d at 1375. Thus, that Court of Appeals would look to the law of the Second Circuit in considering the issue here.[2]

### B. The Stipulation Of Dismissal Did Not Involve A "Decision" Of The New York District Court.

The dismissal of the *Apotex* lawsuit did not constitute a "decision" of the court, because it did not require any action by the district court to become effective. The term "decision" implies a deliberative and discretionary act of the court. *See Random House Dictionary of the English Language* p. 517 (2d ed. 1987) (defining "decision" as "the act or process of deciding; determination, as of question or doubt, ***by making a judgment***") (emphasis added). Yet in the case of a stipulation of dismissal, the district court makes no "decision" at all, because the

---

[2] As discussed below, however, D.C. Circuit precedent would lead to the same outcome as the law in the Second Circuit.

stipulated dismissal under Federal Rule of Civil Procedure 41(a)(1) does "not even require the approval of the district court." *Torres v. Walker*, 356 F.3d 238, 243 (2d Cir. 2004).

Federal Rule of Civil Procedure 41(a)(1) provides, in relevant part, that "an action may be dismissed by the plaintiff *without order of the court* . . . (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action" (emphasis added).[3] Because no court order is necessary, the filing of the stipulation itself withdraws the case from the jurisdiction of the district court. *Gambale*, 377 F.3d at 139 (a Rule 41(a)(1)(ii) dismissal "divests the court of its jurisdiction over a case, irrespective of whether the district court approves the stipulation."); *In re Wolf*, 842 F.2d 464, 466 (D.C. Cir. 1988) ("the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval") (quotation omitted). Thus, the district court's approval of the stipulation is in no sense a "decision" of the court.

Even where the parties submit a stipulation of dismissal to the district court, the court's approval does not turn the document into an order of the court. In *Hester Industries, Inc. v. Tyson Food, Inc.*, 160 F.3d 911, 916 (2d Cir. 1998), the parties submitted the stipulation to the court, "for review, approval and signature." The court approved the stipulation through a short written order, providing that the action was dismissed with prejudice "in accordance with the terms of the attached Settlement Agreement" and concluding with the dictate, "So Ordered." *Id.* at 913-14. After the parties disputed the terms of the settlement, the plaintiff sought to impose sanctions on the ground that the dismissal was approved pursuant Rule 41(a)(2), which allows the court to condition dismissal on "such terms and conditions as the court deems proper." *Id.* at 916. The Second Circuit, however, rejected this contention, explaining that the fact that the

---

[3] Apotex also had an absolute right, pursuant to Federal Rule of Civil Procedure 41(a)(1)(i) to withdraw its suit without BMS' stipulation, because no answer or motion for summary judgment had been filed. Had Apotex taken that tack, the district court similarly would have had no occasion to issue an order or make a "decision" in dismissing the case.

5

judge had approved the order "did not change the nature of the dismissal." *Id.* "Because the dismissal was effectuated by stipulation of the parties," it was necessarily a Rule 41(a)(1) dismissal, and "the court lacked the authority to condition dismissal on compliance with the Agreement." *Id.* Therefore, under *Hester Industries*, it is of no moment that the New York court wrote "so ordered" at the bottom of the Apotex stipulation. Because the action was dismissed on stipulation at the parties' instigation, there was no "decision" of the court. Thus, in stark contrast to *Teva I*, where the district court adjudicated a motion to dismiss, the district court's simple approval of the order here did not constitute a "decision" because the court did not adjudicate any motion that was before the court.

Although the established caselaw confirms the interpretation here, the Court need look no further than the face of the stipulation to demonstrate that Apotex and BMS embraced this same understanding. The federal rules provide that the ***plaintiff***, by submitting a stipulation signed by all parties, effects the dismissal of the case without the need for an order of the court. *See* Fed. R. Civ. P. 41(a)(1)(ii). The parties in this case did not file a motion seeking the district court's dismissal, and they did not file a joint request for dismissal. Rather, the stipulation provides that "***Apotex*** hereby stipulates that Apotex's complaint seeking a declaratory judgment … be, and ***hereby is***, dismissed, for lack of subject matter jurisdiction, with each party to bear its own costs." Stipulation and Order at 3, *Apotex, Inc. v. Bristol-Myers Squibb Co.*, No. 1:04-CV-2922 (S.D.N.Y.) (Ex. A). The stipulation itself thus confirms that, pursuant to Rule 41(a)(1), the plaintiff effected the dismissal by filing the stipulation without order of the Court, and there was no "decision of a court" that could have triggered exclusivity.

## C. The Stipulation Of Dismissal Does Not Constitute A "Holding" Of The New York District Court.

The district court further had no occasion to issue a "holding," because its endorsement of the stipulation did not constitute an adoption of its contents. As the Supreme Court has recognized, "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *See Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381 (1994); *see also Dart Drug*, 320 F.2d at 749 (the words of the stipulation "represent the agreement of the parties, and not the independent examination … by the court"). Stipulated settlements are "like contracts" and a "district court that 'so orders' a stipulated settlement is not, strictly speaking, a party to the contract." *Geller*, 212 F.3d at 737. District courts may retain jurisdiction over a case where the stipulation expressly provides for such jurisdiction or where the terms of the dismissal presuppose court enforcement. *See id.*; *Torres*, 356 F.3d at 243-44. But where the district court does nothing more than write "so ordered" on the bottom of the stipulation, the Second Circuit has recognized the court's action does not "carry with it a 'sufficient judicial imprimatur'" to constitute a "holding" of the court. *See Torres*, 356 F.3d at 244; *see also Oil, Chemical and Atomic Workers Int'l Union v. Dep't of Energy*, 288 F.3d 452, 457-58 (D.C. Cir. 2002) (rejecting the proposition that a "so ordered" dismissal triggers attorneys' fees because the "order did not constitute a decision on the merits; the court had no contested issues before it. The 'Stipulation and Order' approved the parties' terms of dismissal, but this was merely a formality" because a stipulated dismissal is effective "without order of the court").

In this case, nothing in the stipulation requires the enforcement of the court, and there is no reference to the court's retention of jurisdiction over the case. The parties worked out the words of the stipulation on their own, and the district court did nothing more than sign the

7

stipulation with the words, "so ordered," that have been repeatedly held not to make the decision an order of the court. Because the words of the dismissal were the parties' own, and the court did not adopt those words by signing the stipulation, the stipulation of dismissal clearly did not become a holding of the court.

### D. The Same Result Would Follow Under D.C. Circuit Precedent.

Even though Second Circuit law governs here, D.C. Circuit caselaw would lead to the same result: because Rule 41(a)(1) "contains no exceptions that call for the exercise of judicial discretion by any court," the dismissal of a case by stipulation is not a "decision" of the court. *Wolf*, 842 F.2d at 466; *see also id.* ("'Caselaw … is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval'.") (quotation omitted); *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987) ("When the plaintiff files a notice of dismissal … the dismissal takes effect automatically: the trial judge has no role to play at all."); *cf. Oil, Chemical and Atomic*, 288 F.3d at 457-58 (finding that a "so ordered" stipulated dismissal lacks sufficient "judicial imprimatur" to make the plaintiff a prevailing party). Similarly, the D.C. Circuit has made clear that words of the stipulation are not a "holding" of the Court, because the court's approval of a stipulation does not constitute an adoption of its contents. *See Dart Drug*, 320 F.2d at 749 (the words of the stipulation "represent the agreement of the parties, and not the independent examination … by the court"). Therefore, under both the law of the D.C. Circuit and the Second Circuit, the dismissal of the *Apotex* lawsuit can in no sense be deemed a "decision" "holding" anything under the Hatch-Waxman Act.

**CONCLUSION**

For the above stated reasons, and the reasons addressed in the earlier briefs, Teva respectfully requests that the Court grant judgment in its favor and enjoin the FDA from approving subsequent ANDA filers until the company has enjoyed the 180-day exclusivity period secured by the Hatch-Waxman Act.

Respectfully submitted,

Of Counsel:
Richard Egosi
*Senior Vice President & General Counsel*
David M. Stark
*Senior Director, Legal Affairs*
TEVA PHARMACEUTICALS USA, INC.
425 Privet Road
Horsham, PA  19044-8005
(215) 293-6400

_____/s/_____
Jay P. Lefkowitz (DC 449280)*
Pamela J. Auerbach (DC 447805)
Steven A. Engel (DC 484789)
Michael D. Shumsky
KIRKLAND & ELLIS LLP
655 15th Street NW, Suite 1200
Washington, DC  20005
(202) 879-5000

*Counsel for Teva Pharmaceuticals USA, Inc.*

October 3, 2005

\* *Counsel of Record*

9