# EXHIBIT B

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


TEVA PHARMACEUTICALS USA,       .
                                .
        Plaintiff,              .
                                .   CA No. 05-1469
     v.                         .
                                .   Washington, D.C.
FOOD AND DRUG                   .   Monday, September 26, 2005
ADMINISTRATION, et al.,         .   10:15 a.m.
                                .
        Defendants.             .
                                .
APOTEX,                         .
                                .
        Intervenor-Defendant.   .
                                .
. . . . . . . . . . . . . . .   .

                    TRANSCRIPT OF MOTIONS HEARING
                 BEFORE THE HONORABLE JOHN D. BATES
                    UNITED STATES DISTRICT JUDGE

APPEARANCES:

For Plaintiff Teva:        JAY P. LEFKOWITZ, ESQ.
                           STEVEN A. ENGEL, ESQ.
                           PAMELA AUERBACH, ESQ.
                           MICHAEL SHUMSKY, ESQ.
                           Kirkland & Ellis, LLP
                           655 15th Street, NW
                           Washington, D.C. 20005
                           202-879-5040


For Defendant FDA:         JEFFREY S. BUCHOLTZ, ESQ.
                           WENDY VICENTE, ESQ.
                           U.S. Department of Justice
                           950 Pennsylvania Avenue, NW
                           Room 3129
                           Washington, D.C. 20530
                           202-514-3045
```

                        Bryan A. Wayne, RPR, CRR
                        Official Court Reporter                    Copy

1  had put them in its motion to dismiss. So those
2  representations, in fact the affidavit of Bristol's patent
3  counsel -- I believe the name is Matthew Blischak -- all of that
4  was before Judge Pauley in this action.
5     And it's an exercise in trying to read Judge Pauley's mind
6  in trying to ask what was the basis for his so ordering that
7  stipulation, other than what it says on its face.
8     But Teva I and II are clear that, to quote Teva I, the
9  significance of a court's decision or holding often lies in its
10 preclusive effect, or Teva I says the relevant consideration --
11 the relevant consideration, Teva says, is the estoppel of the
12 patent holder from later claiming that the ANDA applicant is
13 liable for patent infringement.
14    There's nothing in Teva I or II to suggest that you should
15 draw this very fine distinction that Mr. Lefkowitz is suggesting
16 between what's in the order, what was before the court, what may
17 have been exchanged presuit and not filed with the court. You
18 just can't get any of that out of Teva I and II.
19    And more importantly, there's no reason to do that. If you
20 understand Teva I and II as the agency did, as establishing a
21 rule of substantive law that the dispositive consideration is
22 whether the patentee is estopped, the patentee can be estopped
23 really without regard to what exactly makes its way into the
24 order of the declaratory judgment court. And if what matters
25 under Teva I and II --

1       May I just make one other -- one question and one brief
2  comment.  The question is, if Your Honor is interested in a
3  response from FDA to the 2nd Circuit law that Teva is citing
4  here today, we did not have a chance to see that in the brief.
5  We did not know about that.
6       I don't know if that's something Your Honor's interested in
7  or not.  If Your Honor would like a brief response from the
8  government on that, we'd be happy to provide one.
9       All I will say here today about that is that my
10 understanding is that parties can't stipulate to a lack of
11 subject matter jurisdiction any more than they can stipulate to
12 the existence of subject matter jurisdiction, and so you have a
13 document that's signed by the judge that says there's no subject
14 matter jurisdiction.  That's not the same thing as a purely
15 private agreement that the court may or may not need to sign,
16 under whatever local rules or civil rules govern.
17      Again, we haven't seen the 2nd Circuit cases that they
18 cite.  If Your Honor thinks it would be useful to have a
19 response, we'd be happy to provide one.
20      The only other comment I wanted to make was just to respond
21 to something that Mr. Lefkowitz said about the facts in the
22 *Syntex* case.  Mr. Lefkowitz said repeatedly that the court
23 there, Judge Legge made an implicit holding of noninfringement.
24 That's just not accurate.
25      If you look at Exhibit A to the government's brief here,