*Teva Pharmaceuticals USA, Inc. v. FDA*, Case No. 05-1469 (D.D.C.) (JDB)

# EXHIBIT B

# Declaration of William A. Rakoczy

*In support of Apotex Inc.'s Motion For
Injunctive Relief Pending Appeal*

No. 04-1186

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

TEVA PHARMACEUTICALS USA, INC.,

Plaintiff-Appellant,

v.

PFIZER, INC.,

Defendant-Appellee.

Appeal from the United States District Court for the District of Massachusetts
In Case No. 03-CV-10167. Judge Richard G. Stearns.

## REPLY BRIEF OF PLAINTIFF-APPELLANT,
## TEVA PHARMACEUTICALS USA, INC.

                        Henry C. Dinger, P.C.
                        GOODWIN PROCTER LLP
                        Exchange Place
                        Boston, MA 02109
                        (617) 570-1000

                        Steven J. Lee
                        Thomas J. Meloro
                        KENYON & KENYON
                        One Broadway
                        New York, New York 10004
                        (212) 425-7200

                        *Counsel for Teva Pharmaceuticals USA,*
                        *Inc., Plaintiff-Appellant*

May 17, 2004

Pfizer and its amicus IVAX Pharmaceuticals, Inc. ("IVAX") erroneously contend that Teva's only goal is to trigger IVAX's 180 days of exclusivity before IVAX can launch a generic sertraline product. While that may be one of Teva's objectives — and an entirely legitimate one that would serve the public interest and that independently gives Teva standing to pursue its declaratory judgment action — it is by no means the only one. While IVAX's settlement with Pfizer apparently will permit IVAX to go to market in 2006, notwithstanding the '699 patent, that settlement does not resolve the validity or applicability of that patent for Teva or any other generic company. Even after the expiration of the earlier patent, Teva still faces an Orange Book patent that does not expire until 2010. Even if Teva were unaffected by the exclusivity rights of another company, it would seek to resolve the application of the '699 patent to its own product and would do so sufficiently in advance of the expiration of the '518 patent to permit it to go to market upon that expiration.

This is precisely what Congress sought to encourage in the Medicare Amendments when it directed courts to entertain certain declaratory judgment actions launched by ANDA applicants. Accordingly, even if IVAX were correct that those amendments leave some measure of discretion in district courts to decline to exercise their admitted subject matter jurisdiction — and it is not correct — there is no basis in this case to justify such an exercise.