*Teva Pharmaceuticals USA, Inc. v. FDA*, Case No. 05-1469 (D.D.C.) (JDB)

# EXHIBIT E

# Declaration of William A. Rakoczy

*In support of Apotex Inc.'s Motion For
Injunctive Relief Pending Appeal*



DEPARTMENT OF HEALTH & HUMAN SERVICES             Public Health Service

ANDA 76-341

Food and Drug Administration
Rockville MD 20857

JUN 2 8 2005

William A. Rakoczy
Christine J. Siwik
Rakoczy Molino Mazzochi L.L.P.
6 West Hubbard Street, Suite 500
Chicago, Il 60610

Dear Mr. Rakoczy and Ms. Siwik:

  This letter responds to your correspondence of September 7, 2004, in which you requested, on behalf of Apotex, Inc., that the Food and Drug Administration (FDA or agency) confirm that:

- Subject to all other substantive requirements for approval, Apotex will be eligible for, and receive, immediate final approval of its abbreviated new drug application No. 76-341 for Pravastatin Sodium Tablets 10 mg., 20 mg., 40 mg., and 80 mg. on April 20, 2006, when the pediatric exclusivity associated with U.S. Patent No. 4,346,227 (the '227 patent) expires;

- Apotex's final approval will not be delayed by any unexpired "180-day exclusivity" under 21 U.S.C. § 355(j)(5)(B)(iv) for these drugs; and

- The July 23, 2004 order dismissing Apotex's declaratory judgment action against Bristol-Myers Squibb (BMS) regarding U.S. Patent Nos. 5,030,447 (the '447 patent), 5,180,589 (the '589 patent) and 5,622,985 (the '985 patent) constitutes a "decision of a court" under 21 U.S.C. § 355(j)(5)(B)(iv)(II) that triggered, as of August 22, 2004, any 180-day exclusivity arising out of these patents.

  Grant of 180-day exclusivity under Section 505(j)(5)(B)(iv) of the Federal Food, Drug, and Cosmetic Act (FDCA or Act) (21 U.S.C. § 355(j)(5)(B)(iv)) can provide a competitive advantage to an eligible abbreviated new drug application (ANDA) applicant, by delaying approval of ineligible ANDAs for 180 days. Your letter seeks confirmation that any 180-day exclusivity as to the '447, '589, or '985 patents will have expired by April 20, 2006 and, therefore, will not delay approval of Apotex's ANDA when the pediatric exclusivity[1] associated with the '227 patent expires.

---

[1] Pediatric exclusivity is intended as an incentive to sponsors to conduct and submit to FDA studies requested by the agency on the use of drugs in pediatric populations. It is a six-month exclusivity that attaches to any listed patent or exclusivity for the drug studied. 21 U.S.C. § 355a.

Based on our review of the July 23, 2004 order, and for the reasons described below, the agency concludes that any 180-day exclusivity arising from the '447, '589 or '985 patent was triggered as of August 22, 2004 by the dismissal of Apotex's declaratory judgment action and, therefore, expired as of February 18, 2005. In determining when Apotex's ANDA may be eligible for final approval, please note that BMS's pediatric exclusivity attaches both to the '227 patent to which Apotex made a "paragraph III" certification and also to the "three-year marketing exclusivity" granted to BMS under 505(j)(5)(D) of the Act (21 U.S.C § 355(j)(5)(D)).[2] The pediatric exclusivity that attaches to the '227 patent expires April 20, 2006. The pediatric exclusivity that attaches to the three-year marketing exclusivity expires April 29, 2006. In addition, other barriers to approval may arise to delay approval of Apotex's ANDA.

Patent Certification

Under Section 505(j)(2)(A)(vii), ANDA applicants must make one of four certifications (named after the sub-paragraphs of section 505(j)(2)(A)(vii) establishing them) to patents listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (the Orange Book) as claiming the drug or a use of the drug for which the ANDA applicant is seeking approval. The certifications are: a "paragraph I" certification that patent information has not been filed; a "paragraph II" certification that the patent has expired; a "paragraph III" certification of the date the patent will expire; or a "paragraph IV" certification that the patent is invalid or not infringed.

A paragraph I or II certification indicates that the applicant believes that the patent does not bar immediate approval of the ANDA. A paragraph III certification indicates that the applicant is not challenging the validity or applicability of the patent and that the applicant is seeking ANDA approval only after the patent expires. A paragraph IV certification indicates that the ANDA applicant disputes the applicability or validity of that patent. An ANDA applicant making a paragraph IV certification must provide notice to the new drug application (NDA) holder and patent owner stating that the ANDA has been filed and describing why the patent is invalid, or will not be infringed (21 U.S.C. § 355(j)(2)(B)). This notice provides the NDA holder and patent owner the opportunity to bring suit for patent infringement prior to FDA's granting marketing approval for the ANDA applicant's product. In certain cases, if the NDA holder or patent owner sues the ANDA applicant for patent infringement within 45 days of receipt of the notice, FDA must stay approval of the ANDA for 30 months (21 U.S.C. § 355(j)(5)(B)(iii)).

180-Day Exclusivity

Section 505(j)(5)(B)(iv) of the Act governs the applicability of 180-day exclusivity to the first ANDA applicant to submit a paragraph IV certification. It reads as follows:

---

[2] Three-year marketing exclusivity is granted for a change to an approved drug product (made either in a new application or a supplement) if the change requires new clinical investigations that are essential for approval. 21 U.S.C. § 355(c)(3)(D)(iii), (iv); 21 U.S.C. § 355(j)(5)(D)(iii), (iv). Paragraph III certification and other patent certifications are explained below.

> If the application contains a certification described in subclause IV of paragraph (j)(2)(A)(vii) and is for a drug for which a previous application has been submitted under this subsection [containing]³ such a certification, the application shall be made effective not earlier than one hundred and eighty days after -
>
> (I)      the date the Secretary receives notice from the applicant under the previous application of first commercial marketing of the drug under the previous application, or
>
> (II)      the date of a decision of a court in an action described in clause (ii) holding the patent which is the subject of the certification to be invalid or not infringed,
>
> whichever is earlier.

21 U.S.C. § 355(j)(5)(B)(iv) (2002).⁴ FDA interprets this provision to provide that, if an ANDA applicant submits the first paragraph IV certification to a patent, approval of ANDAs containing later filed paragraph IV certifications for that patent will be delayed until 180 days after either the date of first commercial marketing of the drug under that first ANDA containing a paragraph IV certification to that patent or the date of a decision of a court holding the patent that is the subject of that certification invalid, unenforceable, or not infringed, whichever date is earlier. 21 C.F.R. § 314.107(c).⁵

Dismissals of Declaratory Judgment Actions as Court Decisions

As noted, the decision of a court with respect to any ANDA, in which the court holds the relevant patent invalid, unenforceable or not infringed can start the 180-day period for that patent. 21 U.S.C. § 355(j)(5)(B)(iv) (2002). *See, e.g., Minnesota Mining and Manufacturing Co. v. Barr Labs., Inc.*, 289 F.3d 775 (Fed. Cir. 2002). In *Teva I (Teva Pharms. USA, Inc. v. FDA*, 182 F.3d 1003 (D.C. Cir. 1999)), the District of Columbia Circuit ruled that a dismissal of a declaratory judgment action (DJA) can qualify as a "decision of a court" triggering the running of 180-day exclusivity if the dismissal estops a future action against the ANDA holder for

---

³ Courts reviewing the statute have commented that the word "continuing" reflects a typographical error and should be "containing." *See, e.g.*, Purepac Pharm. Co. v. Friedman, 162 F.3d 1201, 1203 n.3 (D.C. Cir. 1998); Mova Pharm. Corp. v. Shalala, 140 F.3d 1060, 1064 n.3 (D.C. Cir. 1998).

⁴ Amendments made to section 505 of the FDCA as part of the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 (Public Law 108-173) (MMA) eliminated the court decision "trigger" for starting 180-day exclusivity periods. However, the court decision trigger still applies to listed drugs for which a "decision of a court" under section 505(j)(5)(B)(iv) occurred prior to December 8, 2003, the enactment date for the MMA, and a modified version of the trigger still applies to listed drugs for which any paragraph IV certification was made prior to December 8, 2003. *See* MMA § 1102(b). Accordingly, the unmodified court decision trigger applies to BMS's Pravastatin Sodium Tablets 10 mg., 20 mg., 40 mg., and 80 mg.

⁵ FDA has adopted a patent-by-patent approach to 180-day exclusivity. *See* Letter from Gary Buehler, Director, Office of Generic Drugs, to Diane Servello, Andrx Pharmaceuticals, Inc. (Nov. 16, 2002) (available on the FDA website at http://www.fda.gov/cder/ogd/shared_exclusivity.htm). This approach, which is under challenge in the courts, is not directly at issue in this matter.

infringement of the patent with respect to that drug product. The D.C. Circuit concluded that the DJA dismissal at issue before it was based upon the patent holder's express statements that the ANDA applicant's proposed formulation did not infringe the patent and did not warrant a patent infringement action. The court held that that DJA dismissal, therefore, had preclusive effect and could constitute a "court decision" for purposes of triggering 180-day exclusivity.

In *Teva II* (*Teva Pharms. USA, Inc. v. FDA*, 2000 WL 1838303 (D.C. Cir. 2000) (unpublished)), the D.C. Circuit addressed whether calling on the agency to assess the estoppel effect of a dismissal of a DJA would place an undue burden on FDA. The court reasoned that the agency had committed to a case-by-case inquiry in applying the court decision trigger and that, with regard to the DJA dismissal at issue before the court, determining if the dismissal would estop future patent suit would require FDA only to look to the order dismissing the DJA and to the plaintiff's concessionary letter. The court concluded that review of those two documents did not constitute an undue burden.

Factual Background and Events to Date

Four patents are currently listed for Pravastatin Sodium Tablets 10 mg., 20 mg., 40 mg., and 80 mg.: the '227, '447, '589 and '985 patents. The pediatric exclusivity periods associated with these patents currently expire on April 20, 2006, January 9, 2009, January 9, 2009, and October 22, 2014, respectively. Apotex submitted a paragraph III certification to the '227 patent (indicating the application would not be eligible for approval until this patent expires). ANDA applicants, including Apotex, have submitted paragraph IV certifications to the '447, '589, and '985 patents.

Apotex notified BMS of its paragraph IV certifications to the '447, '589, and '985 patents. BMS did not sue Apotex for infringement of these patents.[6] Apotex sued BMS in the United States District Court for the Southern District of New York (*Apotex Inc. v. Bristol-Myers Squibb Co.* (No. 04 CV 2922)) for declaratory judgment of non-infringement and/or invalidity of these three patents. By a stipulation and order issued on July 23, 2004, the district court dismissed Apotex's action for lack of subject matter jurisdiction. The order stated that the dismissal was based on BMS's "pre-Complaint representations that it has no intention to sue Apotex for infringement of the '447, '985, and '589 patents based on the manufacture, use, sale, offer for sale or importation of Apotex's generic pravastatin sodium products that are the subject of ANDA No. 76-431." That order became final and unappealable on August 22, 2004.

Triggering of 180-Day Exclusivity for the '447, '589 and '985 Patents

In accordance with *Teva II*, the agency has reviewed the July 23, 2004 order dismissing Apotex's declaratory judgment action. Based on that review, FDA finds that, under the rule of *Teva*, this dismissal qualifies as a court decision under section 505(j)(5)(B)(iv)(II), triggering the running of 180-day exclusivity for the '447, 589, and '985 patents. As expressly stated in the order itself, the dismissal is based upon BMS's representations that it has no intention to sue Apotex for infringement of these three patents arising from Apotex's generic pravastatin sodium products that are the subject of ANDA No. 76-431. Accordingly, the dismissal precludes a

---

[6] Accordingly, no 30-month stay applies to FDA approval of the Apotex ANDA. 21 U.S.C. § 355(j)(5)(B)(iii).

subsequent suit by BMS against Apotex for infringement of these patents, and constitutes a decision of a court. Consequently, any 180-day exclusivity for the '447, '589, and '985 patents was triggered as of August 22, 2004, the date the July 23 order became final, and expired as of February 18, 2005.

If you have any questions regarding this letter, please contact Ms. Cecelia Parise, Regulatory Policy Advisor to the Director, Office of Generic Drugs, at 301-827-5845. All applicants who have submitted ANDAs for Pravastatin Sodium Tablets 10 mg., 20 mg., 40 mg., and 80 mg. will be notified of the agency's decision regarding 180-day exclusivity for these products.

Sincerely,

Gary Buehler
Director
Office of Generic Drugs
Center for Drug Evaluation and Research