*Teva Pharmaceuticals USA, Inc. v. FDA*, Case No. 05-1469 (D.D.C.) (JDB)

# EXHIBIT G

# Declaration of William A. Rakoczy

*In support of Apotex Inc.'s Motion For
Injunctive Relief Pending Appeal*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

TEVA PHARMACEUTICALS USA, INC, et al, )
)
Plaintiffs, )
)
v. )   Civ. No. 99-00067 (CKK)
)
)   *On Remand From The*
)   *United States Court Of*
)   *Appeals For The District Of*
THE UNITED STATES FOOD )   *Columbia Circuit*
AND DRUG ADMINISTRATION, et al, )
)
Defendants. )

---

**REPLY MEMORANDUM OF TEVA PHARMACEUTICALS USA, INC.
IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER,
AND MOTION FOR PRELIMINARY AND PERMANENT INJUNCTIONS**

As Teva demonstrated in its renewed motion for injunctive relief, the Court of Appeals has rejected the rationale initially put forth by FDA in support of the agency's refusal to treat the "case or controversy" dismissal of Teva's declaratory judgment action as a "court decision trigger" under 21 U.S.C. § 355(j)(5)(B). The Court of Appeals remanded to this Court to allow FDA the opportunity to further explain the bases for its position, Teva v. FDA, ___ F.3d ___ at ___, 1999 WL 506959 * 6 (D.C. Cir. 1999), and FDA has done so, filing a memorandum in opposition to Teva's request for injunctive relief, accompanied by the sworn declaration of Douglas Sporn, Director of the FDA's Office of Generic Drugs ("OGD").

According to FDA's submissions, the agency's refusal to make Teva's ANDA effective was based on two factors: (1) the agency's belief that it is only required to look at the "face" of the court order to determine whether the court decision was a triggering court decision, FDA Opp. at 4,9, and (2) the agency's unsupported concern that a decision in Teva's favor in the specific context of this case "would require FDA to make similar determinations in future cases about private patent litigation that FDA does not have the resources nor the expertise to make." FDA Opp. at 3-4.

The Court of Appeals has already squarely addressed and rejected FDA's "face of the order" interpretation, and the agency's unsupported convenience arguments are irrelevant to the issue of statutory construction upon which this case turns, and do not constitute a reasonable basis for FDA's decision in this case. Accordingly, because FDA has not provided any new statutory justification that would support the agency's decision in this case, the Court must now compel FDA to make Teva's tentatively-approved ticlopidine ANDA immediately effective.

I.

**BECAUSE FDA HAS OFFERED NO NEW STATUTORY BASIS FOR ITS REFUSAL TO MAKE TEVA'S ANDA EFFECTIVE, TEVA IS ENTITLED TO PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

A.  <u>The Court Of Appeals Has Rejected FDA's "Face of The Document" Test</u>

The opinion of the D.C. Circuit in this case, and Teva's original and renewed motions for injunctive relief, analyzed in detail the reasons FDA was obligated under the FDCA to treat the California court's dismissal of Teva's Hatch-Waxman Declaratory Judgment Action as a "court decision" that triggered the start of TorPharm's 180-day

"exclusivity" period on August 14, 1998.[1] Specifically, the Court of Appeals looked beyond the face of the court order to discern the underlying holding of the case, which the Court concluded was that Syntex is estopped from enforcing its patent against Teva. Because FDA had argued in this litigation that it reached its decision by reference solely to the face of the order, the Circuit court invited FDA, on this remand, to provide any substantive reasons that the California court decision does not satisfy the statutory court decision requirements of 21 U.S.C. § 355(j)(5)(B)(iv)(II).

In response, the agency has merely repeated the same "face of the order" argument that has already been rejected by the Court of Appeals. Compare FDA Renewed Opp. at 4, (declining to make any substantive inquiry beyond what is "readily apparent from the face of the court order") (emphasis added) and 9 (comparing the "face of" the court order in Glaxo v. Boehringer, with the order in Teva v. Syntex), with FDA's Initial Opposition to Teva's request for injunctive relief at 3, 12 (explaining that its decision was based on the conclusion that "the dismissal of Teva's [declaratory judgment] case is not, on its face, a decision of a court holding the patent to be invalid, not infringed, or unenforceable.") (emphasis added). See also Syntex Initial Opp. at 12 ("The order in the declaratory judgment action on its face makes no finding or conclusion regarding infringement of Roche's '592 patent.") (emphasis added).

Rather than actually having considered Teva's 180-day exclusivity situation on an individual "case by case basis" as FDA committed to do in its June 1998 Guidance for Industry, FDA now admits that it declined to consider the underlying merits of Teva's request in favor of a narrowly limited inquiry as to what appears on the face of the order

---

[1] Teva had also provided FDA with a similar analysis immediately after issuance of the California court decision, see Sporn Decl. ¶ 9.

3