*Teva Pharmaceuticals USA, Inc. v. FDA*, Case No. 05-1469 (D.D.C.) (JDB)

# EXHIBIT J

# Declaration of William A. Rakoczy

*In support of Apotex Inc.'s Motion For
Injunctive Relief Pending Appeal*

PAGES 1 - 25

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE CHARLES A. LEGGE, JUDGE

TEVA PHARMACEUTICALS USA, INC.,   ) C 98-02314 CAL
                                  )
     PLAINTIFF,                   ) SAN FRANCISCO, CALIFORNIA
                                  ) FRIDAY, AUGUST 14, 1998
     V.                           )
                                  )
SYNTEX (USA), INC.,               )
                                  )   **COPY**
     DEFENDANT.                   )
                                  )

REPORTER'S TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

FOR THE PLAINTIFF:

    FREDERICK H. REIN, ESQ.
    KENYON & KENYON
    ONE BROADWAY
    NEW YORK, NEW YORK 10004

    SHAWN W. O'DOWD, ESQ.
    KENYON & KENYON
    RIVERPARK TOWERS
    333 WEST SAN CARLOS, SUITE 600
    SAN JOSE, CALIFORNIA 95110

(APPEARANCES CONT'D)

REPORTED BY:    ROSITA FLORES, CSR, RPR
    450 GOLDEN GATE AVENUE, SUITE 6812
    SAN FRANCISCO, CA 94102

COMPUTERIZED TRANSCRIPTION BY ECLIPSE

ROSITA FLORES, OFFICIAL COURT REPORTER, USDC

```
 1  FOR THE DEFENDANT SYNTEX (USA) INC.:

 2                          VANESSA WELLS, ESQ.
                            HELLER EHRMAN WHITE & MCAULIFFE
 3                          525 UNIVERSITY AVENUE
                            PALO ALTO, CALIFORNIA 94301-1900
 4
                            OF COUNSEL:
 5                          JOHN C. VASSIL, ESQ.
                            MORGAN & FINNEGAN, LLP
 6                          345 PARK AVENUE
                            NEW YORK, NEW YORK 10154
 7

 8  FOR THE INTERVENOR-DEFENDANT TORPHARM:

 9                          HUGH MOORE, ESQ.
                            LORD, BISSEL & BROOK
10                          115 SOUTH LASALLE STREET
                            CHICAGO, ILLINOIS, 60603
11

12

13  PRESENT:                GEORGE JOHNSON, COUNSEL, HOFFMAN-LAROCHE

14

15

16

17

18

19

20

21

22

23

24

25
```

ROSITA FLORES, OFFICIAL COURT REPORTER, USDC

1  HAD PROPOSED, YOUR HONOR, THE SAME RESULT.

2        WE HAVE ASKED YOU TO TAKE JUDICIAL NOTICE OF THE
3  FORM OF ORDER THAT WAS ENTERED IN THE SPECTRONICS CASE, AND
4  THAT WAS VERY INSTRUCTIVE BECAUSE THERE WAS AN ACTUAL
5  CONTROVERSY AND IT WAS MOOTED BY A LETTER CALLED "A STATEMENT
6  OF NO LIABILITY."

7        THE DISTRICT COURT ENTERED A JUDGMENT DISMISSING THE
8  COMPLAINT. IT DIDN'T SAY ANYTHING ABOUT THE LETTER. IT
9  DIDN'T SAY ANYTHING ABOUT ANY ADMISSION THAT WAS A DISMISSAL,
10 AND THAT JUDGMENT WAS AFFIRMED BY THE SPECTRONICS CASE THAT
11 BOTH SIDES CITE.

12        SO I THINK, YOUR HONOR, IT'S CLEAR THAT HOW THIS
13 CASE IS DISMISSED HAS A LOT TO DO WITH WHATEVER OTHER DANCE,
14 WHATEVER OTHER MOTIVE THEY HAD. SO FAR AS WE'RE CONCERNED,
15 SINCE THERE NEVER WAS ANY JURISDICTION, YOU SHOULD ENTER AN
16 ORDER THAT SAYS THAT, AND THAT SHOULD BE THE END OF THIS CASE.

17        MR. REIN: YOUR HONOR, JUST ONE POINT ON --

18        THE COURT: NO. THAT'S ENOUGH. YOU'RE ALL LEADING
19 ME DOWN PATHS HERE THAT I NEED NOT GO DOWN, AND YOU ALL ARE
20 LEADING ME BEYOND THE POINT OF THIS MOTION, WHICH IS THE FACT
21 THAT I HAVE NO JURISDICTION.

22        NOW, IT'S PERFECTLY OBVIOUS TO ME THAT THIS LAWSUIT
23 IS ONE SMALL SKIRMISH IN WHAT APPEARS TO BE A MAJOR WORLD WAR
24 GOING ON AMONG YOU, FOLKS, AND PERHAPS, AMONG OTHER DRUG
25 MANUFACTURERS, TOO, OF THIS TYPE OF PRODUCT, BUT THAT'S NOT

ROSITA FLORES, OFFICIAL COURT REPORTER, USDC

1  BEFORE ME. YOU'RE GOING TO HAVE TO FIGHT THOSE COMPETITION
2  PROBLEMS, AND MAYBE THOSE LAWSUIT PROBLEMS, IN OTHER
3  JURISDICTIONS.
4       NOW, THE POINT HERE IS THAT ON THE SAME DAY IN WHICH
5  THE COMPLAINT WAS FILED, AND THAT'S JUST TO USE THE VERNACULAR
6  "CROSSED IN THE MAILS" IS THIS LETTER FROM ROCHE, ON BEHALF OF
7  ITSELF AND SYNTEX, TO TEVA, SAYING WHAT IT SAYS. ALL RIGHT,
8  AND I'M NOT EVEN GOING TO QUOTE IT BECAUSE I DON'T WANT TO GET
9  INVOLVED IN THE CONTROVERSY OF HAVING DEFINED IT, BUT IT'S A
10 LETTER; AND YOU ALL AGREE THAT THAT LETTER ELIMINATES ANY
11 CONTROVERSY IN THIS CASE. AS OF NOW THERE IS, AND AS OF THE
12 MOMENT OF FILING, I GUESS, BECAUSE OF THE CROSSING IN THE
13 MAILS, THERE WAS NO CASE OF CONTROVERSY. WELL, THERE IS NO
14 CASE OF CONTROVERSY UNDER ARTICLE III.
15      NOW, THAT'S AS FAR AS I INTEND TO GO. NOW, SYNTEX
16 WANTS TO ME TO GO FURTHER AND FIND THAT THERE NEVER WAS A
17 REASONABLE APPREHENSION SUIT, AND TEVA WANTS ME TO GO FURTHER
18 AND MAKE A FINDING THAT THE -- IF THE PRODUCT DOESN'T INFRINGE
19 THE '592 PRODUCT, THAT SYNTEX HAS WAIVED ITS RIGHT TO ENFORCE
20 AGAINST TEVA.
21      I'M NOT GOING TO DO EITHER ONE. I DON'T THINK I
22 HAVE THE POWER TO DO EITHER ONE. ONCE THERE IS A DECISION
23 HERE THAT THERE IS NO CASE OF CONTROVERSY, YOU'RE OUT THE
24 DOOR. MY FILE IS TAKEN AWAY FROM ME. EVEN IF I COULD, EVEN
25 IF I HAVE THE POWER, I'M NOT GOING TO GET EMBROILED INTO THIS

1  KIND OF THING WITHOUT KNOWING THE FACTS.
2       I MEAN, HOW CAN I SAY THAT THERE NEVER WAS
3  REASONABLE APPREHENSION TO SUE, UNLESS I WALK THROUGH A VERY
4  LENGTHY HEARING ON ALL THE TRACK RECORDS BETWEEN YOU?  I CAN'T
5  DO THAT, AND PARTICULARLY CAN'T DO IT WHERE YOU AGREE THAT I
6  HAVE NO ARTICLE III JURISDICTION; AND THE SAME WAY WITH WHAT
7  TEVA WANTS THAT THIS LETTER CONSTITUTES AN ADMISSION AND A
8  WAIVER, AND THAT'S GOING TO HAVE THE IMPACT OF WHETHER
9  TORPHARM DOES OR DOES NOT HAVE THIS PRIORITY UNDER THE ACT.
10 I'M NOT GOING TO DO THAT WITHOUT A VERY EXTENSIVE HEARING, AND
11 I'M NOT GOING TO HAVE ANY.
12      YOU TELL ME I DON'T HAVE ARTICLE III JURISDICTION,
13 AND YOU'RE RIGHT, I DON'T HAVE ARTICLE III JURISDICTION.  EVEN
14 IF I HAD IT, THIS IS A DECLARATORY RELIEF ACTION, AND I WOULD
15 DECLINE TO EXERCISE THAT JURISDICTION, BECAUSE I JUST DON'T
16 KNOW ENOUGH ABOUT IT, AND THE CASE IS NO LONGER IN FRONT OF
17 ME.
18      SO I'M JUST GOING TO DO WHAT I THINK THE MOTION
19 REQUIRES ME TO DO, WHICH IS TO DISMISS THE ACTION.  I'M GOING
20 TO USE THE FORM THAT WAS SUBMITTED TO ME, EXCEPT THE OPERATIVE
21 WORDS WILL SIMPLY BE -- WELL, I'M STRIKING OUT OF THE ORDER ON
22 PAGE TWO, LINE FIVE, THE WORDS "LACK AND."  SO IT WILL SIMPLY
23 READ, "PLAINTIFF LACKS A REASONABLE APPREHENSION SUIT."
24      "NUMBER 2.  NO JUSTICIABLE CONTROVERSY.
25      "3.  COURT LACKS SUBJECT MATTER JURISDICTION."

ROSITA FLORES, OFFICIAL COURT REPORTER, USDC

1  THAT'S GOING TO BE THE END OF IT.

2  NOW, IS THAT LESS THAN SATISFACTORY FOR YOU? WELL,
3  IT MAY BE, BUT YOU CAN'T COME IN HERE AND TELL ME I HAVE NO
4  JURISDICTION UNDER ARTICLE III, AT THE SAME TIME TELL ME I
5  OUGHT TO MAKE ALL THESE FINDINGS THAT'S GOING TO HAVE A
6  TERRIBLE IMPACT ON THE DRUG INDUSTRY. OKAY. I'M NOT GOING TO
7  DO IT.

8  ALSO, SINCE THE CASE IS BEING DISMISSED FOR LACK OF
9  JURISDICTION, TORPHARM'S MOTION TO INTERVENE WILL BE DENIED AS
10 MOOT.

11 OKAY. I'M SORRY THAT YOU GOT EMBROILED IN ALL THAT
12 HERE. IT'S TOO BAD IT DIDN'T GO FASTER, BUT YOU ARE OUT OF
13 HERE.

14 SO GOOD-BYE AND SEE YOU AT SOME OTHER TIME IN A CASE
15 OF CONTROVERSY. THANK YOU.

16 (THE MATTER WAS CONCLUDED).

17
18
19
20
21
22
23
24
25

ROSITA FLORES, OFFICIAL COURT REPORTER, USDC