*Teva Pharmaceuticals USA, Inc. v. FDA*, Case No. 05-1469 (D.D.C.) (JDB)

# EXHIBIT M

# Declaration of William A. Rakoczy

*In support of Apotex Inc.'s Motion For
Injunctive Relief Pending Appeal*

ORAL ARGUMENT UNSCHEDULED

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

## No. 99-5022

TEVA PHARMACEUTICALS USA, INC.,

Plaintiff/Appellant

v.

UNITED STATES FOOD AND DRUG ADMINISTRATION,
et al.,

Defendant/Appellees.

APPEAL FROM DENIAL OF PRELIMINARY INJUNCTIVE
RELIEF BY THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

BRIEF OF APPELLANT
TEVA PHARMACEUTICALS USA, INC.

James N. Czaban
Geoffrey M. Levitt
David M. Malone (Counsel of Record)

VENABLE, BAETJER, HOWARD & CIVILETTI, LLP
1201 New York Avenue, NW
Suite 1000
Washington, D.C. 20005-3917
202/962-4800

ATTORNEYS FOR APPELLANT
TEVA PHARMACEUTICALS USA, INC.

<u>Rule 28(a)(1) Certificate</u>

<u>Parties</u>

Appellant Teva Pharmaceuticals USA, Inc. appeared as plaintiff in this matter before the United States District Court for the District of Columbia. Appellant-intervenor Purepac Pharmaceutical Co. was granted leave to intervene as a plaintiff in the district court after the Notice of Appeal was filed. Appellees United States Food and Drug Administration and Donna E. Shalala, in her official capacity as Secretary of the Department of Health and Human Services, appeared as defendants. Appellee-intervenors Hoffman-La Roche, Inc./Syntex (USA) Inc. and TorPharm, a Division of Apotex, Inc. appeared as defendant-intervenors.

<u>Rulings Under Review</u>

This is an appeal of the January 21, 1999 order of Judge Colleen Kollar-Kotelly of the United States District Court for the District of Columbia denying Teva's Application for a Temporary Restraining Order and Motion for a Preliminary Injunction. The order is unreported and is included in the Joint Appendix ("JA") at page 146.

<u>Related Cases</u>

There are no related cases.


I hereby certify this 1st day of February, 1999 that the foregoing is a complete and accurate statement regarding the parties, rulings, and related cases.

_____
David M. Malone

i

This factual finding, based on the evidence presented, was a necessary prerequisite to the court's decision that it had no jurisdiction. Roche cannot return to court and attempt to sue Teva for infringement; nor could Teva bring another declaratory judgment action against Roche, again seeking a decision of non-infringement on this same patent. See Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1059 (Fed. Cir. 1995); Cold Metal Process Co. v. E.W. Bliss Co., 21 F.Supp. 509 (D. Del. 1937) (dismissal of a declaratory judgment brought by alleged patent infringer against patentee for lack of case or controversy was res judicata in infringer's subsequent suit seeking to enjoin prosecution of patent infringement). Because the parties are estopped from re-litigating the issue of whether Teva has committed any infringement, the California federal court's judgment is a final, valid, and enforceable court decision, and should be accorded full legal force and effect for purposes of the Court Decision Trigger.

Failure to follow this approach will leave the system subject to manipulation, and outright nullification, at the whim of patent holders. The absurdity of this situation is underscored by the fact that case or controversy dismissals of Hatch-Waxman Declaratory Judgment Actions are much more likely to come into play in precisely those circumstances where the patent owner has the weakest grounds for enforcing its patent. As this Court noted in Mova, the patent owner is the party that controls whether a Paragraph IV challenger has a sufficient apprehension of being sued -- and hence whether the court will find a case or controversy to exist. Indeed, as Syntex argued in its motion to dismiss Teva's Hatch-Waxman Declaratory Judgment Action, a patent owner can render any declaratory judgment action moot simply by having its attorney state that the company will not enforce its patent against the Paragraph IV challenger. See JA 203