*Teva Pharmaceuticals USA, Inc. v. FDA*, Case No. 05-1469 (D.D.C.) (JDB)

# EXHIBIT N

# Declaration of William A. Rakoczy

*In support of Apotex Inc.'s Motion For
Injunctive Relief Pending Appeal*

ORAL ARGUMENT SCHEDULED SEPTEMBER 8, 2000

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Nos. 99-5287 and 99-5342

TEVA PHARMACEUTICALS USA, INC., et al.,
Plaintiffs/Appellees

v.

UNITED STATES FOOD AND DRUG ADMINISTRATION, et al.,
Defendants/Appellants,

and

TORPHARM, A DIVISION OF APOTEX, INC.,
Intervenor/Defendant/Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIEF OF APPELLEE
TEVA PHARMACEUTICALS USA, INC.

James N. Czaban
Geoffrey M. Levitt
VENABLE, BAETJER, HOWARD & CIVILETTI, LLP
1201 New York Avenue, NW
Suite 1000
Washington, D.C. 20005-3917
202/962-4800

ATTORNEYS FOR APPELLEE TEVA PHARMACEUTICALS USA, INC.

## Rule 28(a)(1) Certificate

### Parties

All parties and intervenors appearing in this case are listed in the brief for the Federal Appellants.

### Rulings Under Review

This is an appeal by the Food and Drug Administration and intervenor TorPharm, a Division of Apotex, Inc., of the August 19, 1999 final order of the United States District Court for the District of Columbia. That order was issued on remand from this Court in accordance with the Court's July 20, 1999 decision and order, reported at 182 F.3d 1003. The district court's order and accompanying opinion are included in the Joint Appendix at pages JA 248 - JA 268.

### Related Cases

The instant case was previously before this court as Teva Pharmaceuticals USA, Inc. v. United States Food and Drug Administration, 182 F.3d 1003 (July 20, 1999).

We hereby certify this 26th day of April, 2000 that the foregoing is a complete and accurate statement regarding the parties, rulings, and related cases.

_____
James N. Czaban
Geoffrey M. Levitt

more than a disingenuous attempt to evade its responsibility under the FDCA, and its own Guidance to Industry, to interpret and apply the FDCA's 180-Day Delay Period provisions, including the Court Decision Trigger provisions, on a "case-by-case" adjudicatory basis.

Treating the dismissal of Teva's declaratory judgment action as a triggering court decision for Teva's 180-Day Delay Period under the Court Decision Trigger is in fact the only permissible interpretation of this ambiguous statutory provision. This interpretation is the only one that advances the fundamental pro-competitive purposes of the Hatch-Waxman Amendments and avoids the absurd, anti-competitive result of allowing the holder of a weak or narrow patent to block the market to generic competition by refusing to defend its patent in response to a Hatch-Waxman Declaratory Judgment Action.

Moreover, FDA impermissibly gave different effect, under the court decision trigger provisions, to the court decision in Teva's declaratory judgment action than it did to a previous functionally indistinguishable court decision in a patent infringement case. FDA's disparate treatment of these decisions was arbitrary and capricious because FDA has provided no reasonable basis for its differing application of the law to those two decisions.

7

3, 1994). The California dismissal clearly renders the patent unenforceable against Teva under the doctrine of estoppel and controlling federal caselaw. Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1059 (Fed. Cir. 1995), cert. denied 516 U.S. 1093 (1996) (a party, such as Syntex here, is "forever estopped by its counsel's statement of nonliability... from asserting liability..."). See also Amana Refrigeration, Inc. v. Quadlux, Inc., 172 F.3d 852, 856 (Fed. Cir. 1999). Accordingly, as this Court held in Teva I, the California dismissal constitutes a "holding" of unenforceability of the patent for purposes of triggering the 180-Day Delay Period under the FDCA. See 21 U.S.C. § 355(j)(5)(B)(iv); 21 C.F.R. § 314.94(a)(12)(i)(A)(4).

\* \* \*

TorPharm's principal argument in this appeal ultimately turns on the contention that in situations such as Teva's declaratory judgment action, "it is the patent holder's representation that it will never sue to enforce the patent (if such a representation is made), not a court decision dismissing the case for want of subject matter jurisdiction (which may or may not rely on such a representation) that has preclusive effect." Brief of Appellant TorPharm, A Division of Apotex, Inc. ("TorPharm Brief"), at 12-20.

25