UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TEVA PHARMACEUTICALS USA, INC.**<br><br>**Plaintiff,**<br><br>v.<br><br>**FOOD AND DRUG ADMINISTRATION,**<br>et al.,<br><br>**Defendants,**<br><br>**APOTEX INC.,**<br><br>**Intervenor-Defendant**. | Civil Action No.  05-1469 (JDB) |

**ORDER**

Plaintiff Teva Pharmaceuticals USA, Inc. ("Teva") filed this action against defendant Food and Drug Administration ("FDA")[1] pursuant to 21 U.S.C. §§ 301 et seq. (as amended by the Hatch-Waxman Act, codified at 21 U.S.C. § 355), and 5 U.S.C. § 706(2), seeking injunctive relief to prevent the FDA from allowing any other pharmaceutical companies to market generic pravastatin sodium ("pravastatin") within the first 180-days following the expiration of the blocking patent held by Bristol-Myers Squibb Co.  Apotex, Inc. ("Apotex") subsequently

---

[1] The complaint also names defendants Michael O. Leavitt and Lester M. Crawford in their official capacities as the Secretary of Health and Human Services and the Commissioner of Food and Drugs, respectively.

intervened, opposing Teva's motion for injunctive relief. On October 21, 2005, the Court granted Teva's motion. See Teva Pharms. USA, Inc. v. FDA, Civil Action No. 05-1469 (D.D.C. Oct. 21, 2005) (memorandum opinion) ("Teva Mem. Op.").[2] Apotex immediately appealed to the D.C. Circuit and requested that the October 21, 2005 decision be stayed pending appellate review. See Apotex's Mem. Supp. Mot. Inj. Pending Appeal at 1. Because Apotex failed to seek a stay from this Court first, the D.C. Circuit denied Apotex's motion. Id. at 2 n.1. Apotex, accordingly, has now moved this Court to enter an order staying the October 21, 2005 decision until the appeal is resolved by the D.C. Circuit.[3] For the reasons discussed below, the motion is denied.

Injunctive relief pending appeal is a rare remedy that is not lightly granted. The moving party -- here, Apotex -- bears the burden of proof as to four factors. Specifically, Apotex must establish that: (1) it is substantially likely to prevail on appeal; (2) it faces a likelihood of irreparable harm unless the injunction is granted; (3) the balance of hardships tips in its favor -- put another way, the Court is to consider whether substantial harm will flow to another party if the injunctive relief is granted; and (4) the issuance of injunctive relief serves the public interest. Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843-44 (D.C. Cir. 1977) (citing Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n, 259 F.2d 921, 925 (D.C. Cir. 1958)). These factors are evaluated on a sliding scale, such that a particularly strong showing with respect to one consideration may overcome a weaker showing elsewhere. See Holiday Tours, 559 F.2d at 843-44. If the Court is persuaded by the moving party's showing,

---

[2] The complex factual background of this action and the applicable statutory scheme under Hatch-Waxman are detailed fully in that opinion and will not be repeated here. See Teva Mem. Op. at 2-6.

[3] Although the FDA has filed a notice of appeal, it has taken no position on Apotex's motion.

then it may, in its discretion, issue the injunction.  See id. at 843.

The Court stands by its October 21, 2005 judgment, but acknowledges that this is a complex case having genuine issues for the D.C. Circuit to grapple with on appeal.  That alone may arguably satisfy the first prong of the test for injunctive relief.  See Holiday Tours, 559 F.2d at 843-44.  However, the lack of an adequate showing as to the other three factors counsels against granting Apotex's motion.  Id.

Apotex's most significant shortfall is that it cannot demonstrate that it will suffer irreparable harm in the absence of the requested injunctive relief.  The October 21, 2005 order effectively allows Teva to market generic pravastatin following the expiration of the blocking patent on April 20, 2006.  See Teva Mem. Op. at 2-3.  No company may market generic pravastatin before that date.  See id.  Thus, any harm that Apotex might suffer will not occur at least until April 20, 2006, hardly the imminent and certain irreparable harm that is required to justify emergency injunctive relief.  See Wis. Gas Co. v. F.E.R.C., 758 F.2d 669, 672, 674 (D.C. Cir. 1985) (per curiam).  Moreover, the D.C. Circuit has set an expedited briefing schedule for the appeal, providing that all briefing shall conclude no later than February 6, 2006 and that oral argument will be held on the first available date thereafter.  See Teva Pharms. USA, Inc. v. FDA, Civil Action No. 05-1469, Appeal No. 05-5401 (D.C. Cir. Nov. 22, 2005) (order).  There is a two and a half month window between the close of the briefing period and the onset of generic competition on April 20, 2006, which is ample time for the D.C. Circuit to hear oral argument and render a decision.[4]  Hence, any harm that Apotex may incur is, at this juncture, speculative.

---

[4] If it becomes clear that the appeal will not be resolved before April 20, 2006, then the D.C. Circuit could consider awarding emergency injunctive relief once the character of the alleged harm to Apotex has transitioned from speculative to imminent and irreparable.

Relatedly, it cannot be said that the balance of hardships tips in favor of Apotex. At best, the hardships that Apotex may suffer if the emergency injunctive relief is denied are equal to the hardships that Teva will suffer if such relief is granted, assuming that the appeal is not resolved before April 20, 2006. Either way, some party may face significant economic disadvantage. But at this point, such possible harm is months away. Hence, under the present circumstances, no party is imminently faced with any irreparable harm -- it is simply too early, and all harms are speculative.

Nor can Apotex show that the public interest is sufficiently on its side. The policies of Hatch-Waxman can arguably be interpreted to support either party's position -- the public certainly has an interest in broader, more expedited generic availability of pravastatin (as Apotex argues),[5] but Congress has determined that the public interest is also furthered by the 180-day statutory entitlement provided to a first ANDA filer (as Teva argues). The Hatch-Waxman Act strikes a legislative balance between these policies. It simply cannot be said that "there is a further [public] interest [beyond the generic interest in having legal questions decided on the merits as expeditiously and correctly as possible] that precludes maintaining the status quo while the merits are being decided on appeal." Holiday Tours, 559 F.2d at 843.

Accordingly, upon consideration of Apotex's motion for injunctive relief pending appeal, the response of Teva, applicable law, and the entire record, it is this 8th day of December 2005 hereby **ORDERED** that the motion is **DENIED**.

---

[5]It is worth noting that the D.C. Circuit has previously found this claim of public interest, in the same statutory context, insufficient to support injunctive relief. See Mova Pharm. Corp. v. Shalala, 140 F.3d 1060, 1066 n.6, 1068 (D.C. Cir. 1998). The Court recognizes that this may not be a wooden rule of law, but under the circumstances of the present case as assessed under the relevant standard, the Court can conceive of no reason to justify a finding to the contrary.

/s/   John D. Bates
JOHN D. BATES
United States District Judge

Copies to:

Jay P. Lefkowitz
KIRKLAND & ELLIS LLP
655 15th Street, NW
Washington, DC 20005
(202) 879-5040
Fax: (202) 879-5200
Email: jlefkowitz@kirkland.com

John Caviness O'Quinn
KIRKLAND & ELLIS, LLP
655 15th Street, NW
Washington, DC 20005
(202) 879-5000
Email: joquinn@kirkland.com

Steven Andrew Engel
KIRKLAND & ELLIS, LLP
655 15th Street, NW
Suite 1200
Washington, DC 20005
(202) 879-5000
Email: sengel@kirkland.com

*Counsel for plaintiff*


Andrew E. Clark
US DEPARTMENT OF JUSTICE
OFFICE OF CONSUMER LITIGATION
P.O. Box 386
Washington, DC 20044
(202) 307-0067
Fax: (202) 514-8742
Email: andrew.clark@usdoj.gov

Jeffrey Bucholtz
U. S. DEPARTMENT OF JUSTICE
950 Pennsylavania Avenue, NW
Washington, DC 20530
(202) 514-3045

*Counsel for defendants*

Arthur Y. Tsien
OLSSON, FRANK AND WEEDA, PC
1400 16th Street, NW
Suite 400
Washington, DC 20036-2220
(202) 789-1212
Fax: (202) 234-3550
Email: atsien@ofwlaw.com

Christine J. Siwik
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street
Suite 500
Chicago, IL 60610
(312) 222-6304

Patricia Eggleston Pahl
OLSSON, FRANK & WEEDA, P.C.
1400 16th Street, NW
Washington, DC 20036-2220
(202) 518-6317
Fax: (202) 234-3537
Email: tpahl@ofwlaw.com

William A. Rakoczy
RAKOCZY MOLINO MAZZOCHI, LLP
6 West Hubbard Street
Suite 500
Chicago, IL 60610
(312) 222-6301
Email: wrakoczy@rmmslegal.com

*Counsel for intervenor-defendants*

Theodore C. Whitehouse
WILLKIE FARR & GALLAGHER LLP
1875 K Street NW
Washington, DC 20006-1238
(202) 303-1000
Fax: (202) 303-2370
Email: TWhitehouse@willkie.com

*Counsel for amicus curiae*